IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Members of the Board of Administration
of the Toledo Area Industries UAW
Retirement Income Plan,

        Plaintiff

        v.

OBZ, Inc., et al.,

        Defendants

Case No. 3:15CV756

**ORDER**

This case comes before the court on review of the docket.

### A. The Plan's Claim against RAKA

In December, 2018, I granted partial summary judgment to plaintiff Members of the Board of Administration of the Toledo Area Industries UAW Retirement Income Plan (the Plan) on its withdrawal-liability claim against defendant RAKA Corporation (d/b/a Lockrey Manufacturing). *Members of Bd. of Admin. of Toledo Area Indus. UAW Ret. Income Plan v. OBZ, Inc.*, 348 F. Supp. 3d 635 (N.D. Ohio 2018). I held that the Plan proved as a matter of law that Lockrey had constructive notice of Toledo Wire's withdrawal liability, but factual disputes existed as to whether Lockrey substantially continued Toledo Wire's business.

Following mediation before United States Magistrate Judge James R. Knepp, II, the Plan and Lockrey settled.

Pending is the Plan's request that I approve the proposed settlement. (Doc. 105). The Plan notes that it has a fiduciary duty to plan participants to act solely in the best interests of the Plan. The Plan contends that Magistrate Judge Knepp's proposed settlement figure, which both

sides ultimately accepted, represents a fiduciarily prudent settlement of the Plan's claim. Having reviewed the request and the proposed settlement, I find that the settlement is fiduciarily prudent and in the best interests of the Plan and its beneficiaries.

### B. The Plan's Claim against the Obertaczes

My December, 2018 order also granted summary judgment to the Plan on its evasion-of-liability claim under 29 U.S.C. § 1392(c) against Ann and Ken Obertacz and held that the Plan was entitled to $97,500 plus "the fair market value as of the date of title transfer of the Nissan Murano formerly belonging to Toledo Wire[.]" *Members of Bd. of Admin.*, *supra*, 348 F. Supp. 3d at 650.

In the wake of that ruling, the Plan moved for attorney's fees. (Doc. 93). The parties and I tried to resolve the issues raised in that motion, but were unsuccessful. Thereafter, the Plan moved to amend its motion to reflect the fees it incurred since filing the original motion. (Doc. 100).

The parties have since notified the court that they have settled the Plan's claims against the Obertaczes and its claim for attorney's fees. (Doc. 106, PageID 1602).

Pending is the Plan's proposed order of satisfaction of fiduciary duty regarding the proposed settlement with the Obertacz defendants. (Doc. 106). There the Plan observes, quite correctly, that "[f]iduciary responsibility carries a large burden for trustees," that it must "act prudently and in the sole interest of protecting the Plan and plan participants," and that, in this case, the Plan "had to exercise that duty while balancing the unknown territories of further litigation and collection" efforts. (*Id.*, PageID 1602).

The Plan further explains that the Obertaczes offered to settle the case at a figure that represents about 90% of the Obertacz defendants' outstanding liability to the Plan, and that the Plan has accepted this offer.

Having reviewed the proposed order and the parties' settlement, I find that the settlement of the Plan's claim and request for attorney's fees is fiduciarily prudent and is in the best interests of the Plan and its beneficiaries.

**Conclusion**

In light of the foregoing, it is, accordingly,

ORDERED THAT:

1. The Plan's proposed order of satisfaction of fiduciary duty (Doc. 105) be, and the same hereby is, adopted as the order of the court. The court finds the settlement between the Plan and RAKA/Lockrey to be fiduciarily prudent and in the best interests of the Plan and its beneficiaries.

2. The Plan's proposed order of satisfaction of fiduciary duty (Doc. 106) be, and the same hereby is, adopted as the order of the court. The court finds the settlement between the Plan and the Obertacz defendants to be fiduciarily prudent and in the best interests of the Plan and its beneficiaries.

3. All outstanding motions (Docs. 93, 100) be, and the same hereby are, denied as moot.

4. This case be, and the same hereby is, closed and terminated from the court's active docket.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge